UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, CDCR #H-16258, <br><br> Plaintiff, <br><br> v. <br><br> P. BRACAMONTE, et al., <br><br> Defendants. | Case No.: 3:20-cv-00213-WQH-WVG <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** <br><br> **[ECF No. 4]** |

Raymond Alford Bradford ("Plaintiff"), currently incarcerated at Salinas Valley State Prison in Soledad, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. Section 1983 seeking to sue several correctional officials employed at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, California State Prison, Los Angeles County ("CSP-LAC"), California State Prison, Corcoran ("CSP-Corcoran"), California Medical Facility ("CMF"), in Vacaville, California, and California State Prison, Sacramento ("CSP-Sacramento"). (*See* Compl., ECF No. 1, at 3.)

**I.     Procedural History**

On February 18. 2020, the Court dismissed the case because Plaintiff failed to

either prepay the $400 civil filing fee required by 28 U.S.C. Section 1914(a) or file a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. Section 1915(a).  (ECF No. 2). Plaintiff was granted 30 days leave to re-open the case by doing either. (*Id.* at 3.) Plaintiff did not file a Motion to Proceed IFP or request an extension of time to do so on or before the March 19, 2020 deadline imposed by the Court's order.

Instead, on April 6, 2020, Plaintiff filed a "Motion to Compel," in which he asks the Court to order the prison officials responsible for generating certified copies of Plaintiff's trust account statements to create and return certified trust account statements to Plaintiff.  (*See* ECF No. 4, at 2.)  In his Motion, Plaintiff explains that "the application [for a certified trust account statement] was submitted to the officer to be forward[ed] to the trust account officer but the certified trust account statement was not returned." (*Id.* at 2.)  Plaintiff argues that this inaction on prison officials' part was intended "[t]o prevent this action [from] mov[ing] forward," and that he was "moved to several other prisons in order to lose his property, [and] legal papers." (*See id.*)  Additionally, Plaintiff argues that he is entitled to proceed IFP in this action because he is in imminent danger of serious physical injury.  (*See id.* at 3.)

## II.     Motions to Proceed IFP

As Plaintiff is aware, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite failure to prepay the entire fee only if Plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment

of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, section 1915(a)(2) also clearly requires that prisoners, like Plaintiff, "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Because Plaintiff has not prepaid the filing fee or filed a Motion to Proceed IFP that complies with 28 U.S.C. Section 1915(a)(2), the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to proceed IFP in this case.

**III.   Motion to Compel**

Acknowledging that he has not filed a Motion to Proceed IFP, Plaintiff seeks a court order compelling an unnamed prison trust account official who is not named as a party to this action to provide the certified trust account statement required by 28 U.S.C. Section 1915(a)(2). (ECF No. 4, at 3.)

In support of his Motion, Plaintiff attaches a declaration stating in relevant part that he has "submitted several '602' appeals to no avail the prison guards will not return the appeals nor the (IFP) in forma pauperis to prevent plaintiff from moving forward[.] [T]he prison guards poured feces all over (3) three boxes causes an actual injury i.e.

preventing plaintiff from p[u]rsuing his lawsuit(s) a dismissal(s)." (*See id.* at 5.)  As a result, Plaintiff states, "[t]he court should issue an order to compel the defendants[] to comply with the Federal Rule of Civil Procedure Rule 37 Plaintiff has submitted several (IFP) application and request for certified copy of Plaintiff's trust account statement and the prison guards refuse to process and return Plaintiff's legal papers causing an actual injury." (*Id.*)

First, Section 1915(a)(2) clearly provides that "prisoner[s] seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit [required by Section 1915(a)(1)] *shall* submit a certified copy of the trust fund statement" required to support their IFP applications, and that they may do so by "obtain[ing] [them] from the appropriate official of [the] prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(1), (2).  Indeed, California "[i]nmates *shall* be issued [trust] account statements upon their written request from the Trust Office that reflects [their] current balance, provided 90 days have elapsed since their previous request."  Cal. Dept. Corr. & Rehab., *Operations Manual* § 54070.4 (2016) (emphasis added); *see also* 15 Cal. Code Reg. § 3133(c) (governing procedure for processing "Confidential Mail with Inmate Trust Account Withdrawals").

Plaintiff does not directly state that he has complied with these regulations, and "[a]lthough it may take some time for the prison to [respond to Plaintiff's written request]," "each prison has a procedure" to ensure compliance with 28 U.S.C. Section 1915(a)(2).  *Smith v. Escrow & Cnty. Treas.*, No. 1:07-cv-00636-AWI GSA, 2008 WL 111074, at *1 (E.D. Cal. Jan. 9, 2008).  Plaintiff must follow those procedures, and IFP Motions, accompanied by certified copies of inmate trust funds account statements, are filed by California state prisoners in this Court on an almost daily basis.  "[U]tter noncompliance by prison officials in this [regard] is not a problem this Court has encountered before." *Id.* at *1.

Second, the Court has no authority to compel unnamed prison trust account officials, none of whom have been served or named as parties in this matter, to provide

trust account statements to Plaintiff or directly to the Court.  *See Smith,* 2008 WL 111074 at *1 (finding Court had "no authority" to "compel the trust account office to complete [a prisoner's IFP] application.").  Relatedly, the procedural rule on which Plaintiff relies, Federal Rule of Civil Procedure 37, provides methods for compelling compliance with discovery requests made at a later phase of the case, not prior to service of process.  *See* Fed. R. Civ. P. 26(d)(1) (specifying that "[a] party may not seek discovery from any source" until holding the initial discovery planning conference required by Federal Rule of Civil Procedure 26(f)).

For these reasons, the Court **DENIES** Plaintiff's Motion to Compel (ECF No. 4). The Court will, however, **GRANT** Plaintiff an additional **thirty (30)** days leave from the date of this order in which to submit another written request to prison trust account officials pursuant to California Department of Corrections & Rehabilitation's *Operations Manual* Section 54070.4, and to follow any other procedures established at the prison for procuring his trust fund account statements.  Like all other prisoner litigants, Plaintiff may attach the trust fund account statements to a Motion to Proceed IFP, which the Clerk of Court will provide.

**IV.  Conclusion and Order**

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Compel (ECF No. 4);

2) **GRANTS** Plaintiff **thirty (30)** days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee, or (2) filing a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civil Local Rule 3.2(b).

3) The Court **DIRECTS** the Clerk to provide Plaintiff with another Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, together with a certified copy of his trust

5

3:20-cv-00213-WQH-WVG

account statement within 30 days, however, this action will remain dismissed without prejudice pursuant to 28 U.S.C. Section 1914(a), and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: April 27, 2020

Hon. William Q. Hayes
United States District Court