UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAYMOND ALFORD BRADFORD, CDCR #H-16258,

Plaintiff,

v.

P. BRACAMONTE, et al.,

Defendants.

Case No.: 3:20-cv-00213-WQH-WVG

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (ECF No. 9)**

Raymond Alford Bradford ("Plaintiff"), currently incarcerated at Salinas Valley State Prison in Soledad, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 seeking to sue several correctional officials employed at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California; California State Prison, Los Angeles County ("CSP-LAC"); California State Prison, Corcoran ("CSP-Corcoran"); California Medical Facility ("CMF") in Vacaville, California; and California State Prison, Sacramento ("CSP-Sacramento"). (*See* Compl., ECF No. 1 at 3.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint, but instead has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 9.)

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (citation omitted). Prisoners, like Plaintiff, however, "face[ ] an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the privilege to proceed IFP

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), *as amended*.

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.* (emphasis omitted); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter, "*Cervantes*") (stating that under the PLRA, "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule . . . ."). The objective of the three strikes provision is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.*

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (first alteration in original), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without

prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)), *as amended*. "When . . . presented with multiple claims within a single action," courts "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido*, 928 F.3d. 1147, 1152 (9th Cir. 2019) (quoting *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051, 1055 (noting § 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

**B. Discussion**

**1. Strikes**

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *See Andrews*, 398 F.3d at 1120. That is the case here.

Based on the dockets of many court proceedings available on PACER,[1] the Court

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir.

finds that Plaintiff Raymond Alford Bradford, currently identified as CDCR Inmate #H-16258, has had at least four prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

> (1) *Bradford v. White*, No. 2:98-cv-00180-FCD-JFM PC (E.D. Cal. May 4, 1999), ECF No. 12, at 3 (recommending dismissal of case as time-barred); *see also id.* (E.D. Cal. June 3, 1999), ECF No. 14, at 1-2 (adopting recommendation) (strike one);
>
> (2) *Bradford v. Terhune*, No. 2:04-cv-05496-AWI-DLB PC (E.D. Cal. Sept. 15, 2004), ECF No. 17, at 3 (recommending dismissal of case for failure to state a claim and failure to comply with court order requiring amendment); *see also id.* (E.D. Cal. Oct. 21, 2004), ECF No. 18, at 1-2 (adopting recommendation) (strike two);
>
> (3) *Bradford v. Grannis*, No. 2:05-cv-00862-FCD-DAD PC (E.D. Cal. Sept. 15, 2005), ECF No. 12, at 3-4 (recommending dismissal of case for failure to state a claim and as frivolous); *see also id.* (E.D. Cal. Sept. 30, 2005), ECF No. 14, at 1-2 (adopting recommendation) (strike three); and
>
> (4) *Bradford v. Superior Court*, No. 1:07-cv-01031-OWW-LJO (E.D. Cal. Aug. 3, 2007), ECF No. 3, at 2 (recommending dismissal of case as frivolous); *see also id.* (E.D. Cal. Aug. 21, 2007), ECF No. 5, at 1-2 (adopting recommendation) (strike four).

Plaintiff is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**2. Imminent Danger Exception**

Plaintiff's Complaint does not contain "plausible allegation[s]" to suggest that he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff alleges that since August 2017,

---

2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Defendants have "lie[d] to the court claiming that [Plaintiff] [ ]stabbed[ ] officer F. Aviles to justify their attack on [P]laintiff who was seriously injur[ed] . . . ."[2] (Compl. at 2.) According to Plaintiff, he was attacked by guards, and during the attack a correctional officer stabbed himself with Plaintiff's weapon. (*See id.* at 3.) According to Plaintiff, this incident led to false attempted murder charges being filed against him and "used for false imprisonment [and] placing [P]laintiff in administrative segregation." (*See id.*) Subsequently Plaintiff filed administrative grievances alleging that correctional officers used excessive force and stole Plaintiff's personal property. (*See id.*)

Plaintiff alleges that he "was attacked several times by the prison guards at (RJD) Donovan Correctional Facility" and other prisons, "in retaliation for filing a lawsuit." (*See id.*) During these attacks, which were precipitated by a correctional officer making "several telephonic calls to the [Defendants] G. Pickett, P. Bracamonte, W. Smith and L. Steel . . . ," Plaintiff suffered serious injuries. (*See id.*) According to Plaintiff, Defendants' "sole goal was to [ ]frame[ ] plaintiff and/or put a hit out on him by having another inmate ambush Plaintiff because he would not comply with order and dismiss his lawsuit." (*See id.* at 3-4.) Defendant Pickett allegedly told Plaintiff that he would "find trouble if he did not drop the lawsuit." (*See id.* at 4.) Plaintiff alleges that on May 17, 2018, he was confronted by Defendant Steel, who told another inmate to attack Plaintiff. (*See id.*) When the other inmate attacked Plaintiff, Plaintiff stabbed him several times "in self defen[s]e . . . ." Defendants allegedly then recovered Plaintiff's weapon, "sprayed [P]laintiff with copious amounts of pepper gas and started beating [P]laintiff over his head with the baton, punching, kicking him in the face." (*See id.*) "The guard F. Aviles confiscated the weapon used to stab the inmate [and] F. Aviles used it to stab [ ]himself[ ] . . . ." (*See id.*) "The [D]efendants, prison officials would go on to charge [P]laintiff with (2) bogus attempted

---

[2] Plaintiff later alleges that the incident during which he allegedly stabbed officer F. Aviles occurred in May 2018. (*See* Compl. at 4.) Whether the incidents in the Complaint began in August 2017 or May 2018, the Court's conclusion is the same: Plaintiff does not satisfy the imminent danger exception to § 1915(g).

murders." (*See id.*)

Plaintiff alleges that during these incidents Defendants violated Plaintiff's Eighth Amendment rights, retaliated against him for filing a lawsuit, and acted fraudulently by writing false reports that Plaintiff committed two attempted murders. (*See id.* at 4-5.)

These claims do not plausibly allege that Plaintiff is danger of imminent physical harm, is subject to any impending attack, or that he faced any viable danger at the time he filed the Complaint. To qualify for § 1915(g)'s imminent danger exception, the danger Plaintiff alleges that he faces must be real, proximate, and/or ongoing at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint." (alteration in original)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed." (citation omitted)). Incidents of past harm or retaliation are insufficient when they are not connected to any ongoing possibility of harm at the time the complaint is filed. *See Cervantes*, 493 F.3d at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.") The physical harms that Plaintiff alleges, the assault by correctional officers in May 2018 and efforts to encourage other inmates to attack Plaintiff, occurred well over a year prior to filing the Complaint, and Plaintiff offers nothing more than conclusory allegations to show that any threat of physical harm continued until the time that he filed the Complaint. *See id.* at 1055; *see also Moten v. Sosa*, No. 2:17-cv-0068-JAM-ACP, 2018 WL 571939, at *3 (E.D. Cal. Jan. 26, 2018) (recommending dismissal under § 1915(g) and concluding that allegations that a guard "lab[eled] plaintiff as a snitch-rat" thereby "expos[ing] [him] to emotional, or physical harm from other prisoners" more than a year before the complaint was filed did not satisfy the imminent danger exception (emphasis omitted)), *report and recommendation adopted*, 2018 WL 5883933 (E.D. Cal. Nov. 9, 2018).

Plaintiff's assertion that he is "requesting his (IFP) in forma pauperis status continue

under imminent danger due to the fact that the district court already ruled on it" in a different case, *Bradford v. Khamooshian*, No. 17-cv-2053-BAS-MDD (S.D. Cal.), is also insufficient. (*See* Compl. at 1.)  In assessing whether a prisoner satisfies the imminent danger exception, courts "maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm." *See Cervantes*, 493 F.3d at 1053 (collecting cases).  The allegations in Plaintiff's prior case satisfied the imminent danger exception because, as the court found in that case, "Plaintiff alleges . . . ongoing inadequate medical treatment claims arising at RJD at the time he filed *this* case . . . ." *See Bradford*, No. 17-cv-2053-BAS-MDD (S.D. Cal. Mar. 5, 2018), ECF No. 21, at 4 n.2 (emphasis in original).  That conclusion is irrelevant in this case, which involves distinct factual and legal claims stemming from incidents that predate the filing of the Complaint by more than a year.

      Accordingly, because Plaintiff has, while incarcerated, accumulated at least four "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Order

For the reasons set forth above, the Court:

(1)  **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 9) as barred by 28 U.S.C. § 1915(g);

(2)  **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

///
///
///
///

(3) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: August 13, 2020

Hon. William Q. Hayes
United States District Court