UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, CDCR #H-16258,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>P. BRACAMONTE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-00213-WQH-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR RECONSIDERATION [ECF No. 14];**<br><br>**(2) DENYING AS MOOT MOTIONS FOR RECONSIDERATION [ECF No. 12, 16];**<br><br>**AND**<br><br>**(3) VACATING ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ("IFP") [ECF No. 10]** |

　　Raymond Alford Bradford ("Plaintiff"), currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, and proceeding pro se, has filed several Motions for Reconsideration of the Court's August 13, 2020, Order (ECF No. 10) denying his Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 9) as barred by 28 U.S.C. § 1915(g).  (*See* ECF Nos. 12, 14, 16.)  Having considered Plaintiff's arguments

and new evidence, the Court **GRANTS** one of Plaintiff's Motions (ECF No. 14), **DENIES** two additional Motions for Reconsideration as moot (ECF Nos. 12, 16), and **VACATES** the August 13, 2020, Order denying Plaintiff's Motion to Proceed IFP (ECF No. 10).

## I.  Factual Background and Procedural History

Plaintiff claims that he is the victim of wide-ranging conspiracy among guards at several state prisons, who have attacked or recruited other inmates to attack Plaintiff on numerous occasions in retaliation for Plaintiff filing a lawsuit. (*See* Compl. at 3.) Plaintiff's Complaint is confusing, but as best the Court can discern, Plaintiff filed a previous case, *Bradford v. Khamooshian*, No. 3:17-cv-2053-BAS-AHG (S.D. Cal.), alleging that he received inadequate medical care in August of 2017 while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD"). Plaintiff alleges that after he filed suit, his correctional counselor, Defendant Pickett, "told [Plaintiff that] he[] would find trouble if he did not drop the lawsuit." (Compl. at 4.)

Plaintiff alleges that since filing that suit, he has been "attacked several times by the prison guards at (RJD) Donovan Correctional Facility, L.A. County-Lancaster, CSP Corcoran, (CMF) California Medical Facility, [and] CSP-Sacramento in retaliation for filing [this] lawsuit." (Compl. at 3.) According to Plaintiff he has suffered "several injuries i.e. head brain [sic], chest pain, Atelectis [sic]—a partially or completely collapsed lung[—], pneumonia, left lower lobe, spinal cord, [and] right midfinger fracture . . ." as a result of these attacks. (*Id.*) The Complaint does not identify any Defendants other than P. Bracamonte in the caption, but the body of the Complaint identifies four other individuals as Defendants, M. Wilson, G. Pickett, W. Smith, and L. Steel. (*See id.*)

Despite alleging that he has been attacked several times by guards at many state prisons, only one violent incident is described in Plaintiff's Complaint. Plaintiff alleges that on May 17, 2018, he was "confronted by [D]efendant L. Steel who encouraged [another] inmate . . . to attack [Plaintiff] and when he did[,] [P]laintiff, in self defense, stabbed him five times . . . ." (*Id.* at 4.) Plaintiff then "surrendered his weapon and when

he did . . . [D]efendants . . . sprayed [P]laintiff with copious amounts of pepper gas and started beating [P]laintiff over the head with the baton, punching, kicking him in the face [sic]." (*Id.*)   A correctional officer, F. Aviles, then "confiscated the weapon [Plaintiff] used to stab the inmate . . . [and] used it to stab [himself] . . . ." (*Id.*)  "The [D]efendants, prison officials[,] would go on to charge [P]laintiff with (2) bogus attempted murders." (*Id.*)  The next day, Plaintiff alleges that his "legal property was stolen as he was transferred to L.A. County, Lancaster State Prison." (*Id.* at 3.)  Although Plaintiff filed administrative grievances, they were "not processed or returned." (*Id.*)

Plaintiff alleges an Eighth Amendment failure to protect claim stemming from the May 17 incident.  (*Id.* at 4.)  Plaintiff also contends that Defendants used excessive force, denied him access to the courts, and engaged in fraud when they "wrote [a] bogus report and submitted false report [sic] claiming that [P]laintiff committed two attempted murders." (*Id.* at 5.)  Although he does not elaborate in the body of his Complaint, the caption suggests that Plaintiff also wishes to assert claims under California Government Code Sections 844.6(a), 845.6, and "810 et seq[.]," and Penal Code Sections 2561 and 2562.  (*Id.* at 1.)

On August 13, 2020, the Court denied Plaintiff's Motion for Leave to Proceed IFP pursuant to 28 U.S.C. Section 1915(g), finding that he is "not entitled to the privilege" of proceeding IFP because he had filed, while incarcerated, at least four prior civil actions which were dismissed as frivolous, malicious, or for failing to state a claim, and because his Complaint failed plausibly to allege that he faced "imminent danger of serious physical injury" at the time it was filed.  (ECF No. 10 at 7.)

On August 24, 2020, Plaintiff filed a document entitled "Plaintiff's Objection to Order Denying Motion to Proceed [In Forma] Pauperis As Barred By 28 U.S.C. § 1915(g) and Declaration in Support Thereof." (*See* ECF No. 12.)  The Court construed this document as a Motion for Reconsideration of the Court's August 13, 2020, Order denying Plaintiff's Motion for Leave to Proceed IFP.  (*See* ECF No. 11 (discrepancy order accepting Plaintiff's submission as a motion for reconsideration).)  Subsequently,

1  Plaintiff filed two additional Motions for Reconsideration.  (ECF Nos. 14, 16.)

2  **II.     Legal Standard and Analysis**

3         Rule 60 of the Federal Rule of Civil Procedure permits, in relevant part, the court to "relieve a party" from the effects of a "final judgment, order, or proceeding for," among other things, "any [ ] reason that justifies relief."  Fed. R. Civ. P. 60(b)(6). Additionally, district courts have the inherent authority to consider motions for reconsideration of interlocutory orders.  *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment[.]" (quoting *In re United States*, 733 F.2d 10, 13 (2d Cir. 1984))), *as amended* (Jan. 15, 1997).  Generally, a motion for reconsideration is appropriate if the district court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  The decision of whether to grant or deny a motion for reconsideration is within the court's discretion.  *See Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).)

         In his Motions for Reconsideration, Plaintiff argues that the Court erred in concluding that he did not satisfy the "imminent danger" exception to the three-strikes rule in 28 U.S.C. § 1915(g).  Importantly, in one of his Motions Plaintiff argues that new evidence that did not exist at the time he filed his Motion to Proceed IFP demonstrates that he was, in fact, in imminent danger of serious physical injury within the meaning of § 1915(g) when he filed his Complaint.  (*See* ECF No. 14 at 2-3.)  Specifically, Plaintiff points to a classification committee's decision postdating Plaintiff's Motion to Proceed IFP concluding that Plaintiff could be in physical danger if he continued to be housed in Facility D at SVSP due to "safety/enemy concerns."  (*See id.* at 16 (attaching classification committee chrono concluding that Plaintiff's "presence on Facility D is deemed an immediate threat to the safety of yourself and others.").)  In a declaration

attached to this Motion, Plaintiff explain that this chrono "clearly states that Plaintiff has confidential . . . sources from other inmates telling the administration that his life & safety is in jeopardy," and that "prison guards at (SVSP) [are] conspiring against Plaintiff to put a (hit) out on him by ordering several inmates in his housing unit to ambush Plaintiff . . . in retaliation." (*See id.* at 7-8 (parentheses in original).)

Based on this new evidence and the allegations and evidence of earlier threats or violence against Plaintiff set forth in the Court's previous Order (*see* ECF No. 10 at 5-6), the Court finds that Plaintiff faced a real, proximate, and/or ongoing danger at the time he filed his Complaint and therefore satisfies the imminent danger exception in § 1915(g). *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint." (alteration in original)).  The Court notes that the evidence Plaintiff submitted may not necessarily support his allegation that he was in imminent danger at the time he filed the Complaint if that allegation is challenged in the future. *See Williams v. Sharp*, 696 F. App'x 239, 239-40 (9th Cir. 2017) (affirming revocation of IFP status on the grounds that plaintiff did not satisfy 28 U.S.C. § 1915(g) imminent danger exception).  Plaintiff attached just one of the two pages from the classification committee's decision, and the context in which the decision was made is not entirely clear from the one page that was attached. (*See* ECF No. 14 at 16.)  Nevertheless, this evidence and the allegations in Plaintiff's submissions are sufficient at this stage in proceedings to allege an imminent danger within the meaning of § 1915(g).

### III.  Conclusion and Orders

For the reasons set forth above, the Court finds that Plaintiff has satisfied the imminent danger exception in § 1915(g), **GRANTS** Plaintiff's Motion for Reconsideration (ECF No. 14), and **VACATES** the Order denying Plaintiff's Motion to Proceed IFP (ECF No. 10).  Having done so, the Court finds that Plaintiff's remaining Motions for Reconsideration (ECF Nos. 12, 16) are moot, and **DENIES** them as a

1 result. A separate order addressing Plaintiff's Motion to Proceed IFP and screening his
2 Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) will follow.
3 **IT IS SO ORDERED**.
4  Dated: December 3, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court