1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

11  RAYMOND ALFORD BRADFORD,              Case No.:  3:20-cv-0213-WQH-WVG
    CDCR #H-16258,
12                                        **ORDER**
                              Plaintiff,
13                                        **1) GRANTING MOTION TO**
                vs.                       **PROCEED IN FORMA PAUPERIS**
14                                        **(ECF No. 9);**
15  P. BRACAMONTE, et al.,                **AND**
16                             Defendants. 
17                                        **2) DISMISSING COMPLAINT (ECF**
                                          **No. 1) FOR FAILURE TO STATE A**
18                                        **CLAIM PURSUANT TO 28 U.S.C. §**
                                          **1915(e)(2)(B) AND 28 U.S.C. §**
19                                        **1915A(b)**
20
21

22        Raymond Alford Bradford ("Plaintiff"), currently incarcerated at Salinas Valley

23  State Prison in Soledad, California, and proceeding pro se, filed this civil rights action

24  pursuant to 42 U.S.C. § 1983 seeking to sue several correctional officials employed at

25  Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, California

26  State Prison, Los Angeles County ("CSP-LAC"), California State Prison, Corcoran

27  ("CSP-Corcoran"), California Medical Facility ("CMF"), in Vacaville, California, or

28  California State Prison, Sacramento ("CSP-Sacramento").  (*See* Compl., ECF No. 1 at 3.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 9.)

## I.     Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1), (4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

month in which his account exceeds $10, and forwards those payments to the court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. (*See* ECF No. 9 at 6-8.) These documents show that Plaintiff carried an average monthly balance of $0.00 and had average monthly deposits to his trust account of $0.00 for the six months preceding the filing of this action, and an available balance of $0.00 at the time of filing.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 9)[2] and declines to impose the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Instead, the Court directs the Secretary of the CDCR, or her designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

///

///

---

[2] The Court previously denied Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g)'s three-strikes provision. (*See* ECF No. 10.) Plaintiff subsequently filed several Motions for Reconsideration (*see* ECF Nos. 12, 14, 16.) Based on additional evidence Plaintiff submitted in connection with one of his Motions for Reconsideration, the Court vacated the Order denying the Motion to Proceed IFP and found that Plaintiff's allegations were sufficient at this stage to satisfy the imminent danger exception to the three strikes rule in § 1915(g).

## II. Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss*

*v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

       B. <u>Plaintiff's Factual Allegations</u>

       Plaintiff claims that he is the victim of wide-ranging conspiracy among guards at several state prisons, who have attacked or recruited other inmates to attack Plaintiff on numerous occasions in retaliation for Plaintiff filing a lawsuit.  (*See* Compl. at 3.) Plaintiff's Complaint is confusing, but as best as the Court can discern, Plaintiff filed a previous case, *Bradford v. Khamooshian*, No. 3:17-cv-2053-BAS-AHG (S.D. Cal.), alleging that he received inadequate medical care in August of 2017 while he was incarcerated at RJD.  After he filed suit, Plaintiff alleges that his correctional counselor, Defendant Pickett, "told [Plaintiff that] he[] would find trouble if he did not drop the lawsuit." (*See* Compl. at 4.)

       Plaintiff alleges that since filing that suit, he has been "attacked several times by the prison guards at (RJD) Donovan Correctional Facility, L.A. County-Lancaster, CSP Corcoran, (CMF) California Medical Facility, [and] CSP-Sacramento in retaliation for filing [this] lawsuit." (*See* Compl. at 3.)  According to Plaintiff he has suffered "several injuries i.e. head brain [sic], chest pain, Atelectis [sic]—a partially or completely collapsed lung[—], pneumonia, left lower lobe, spinal cord, [and] right midfinger fracture . . ." as a result of these attacks.  (*Id.*)  The Complaint does not identify any Defendants other than P. Bracamonte in the caption, but the body of the Complaint identifies four other individuals as Defendants, M. Wilson, G. Pickett, W. Smith, and L. Steel.  (*See id.*)

       Despite alleging that he has been attacked several times by guards at many state prisons, only one violent incident is described in Plaintiff's Complaint.  Plaintiff alleges that on May 17, 2018, he was "confronted by [D]efendant L. Steel who encouraged [another] inmate . . . to attack [Plaintiff] and when he did[,] [P]laintiff, in self[-]defense, stabbed him five times . . . ." (*Id.* at 4.)  Plaintiff then "surrendered his weapon and when he did . . . [D]efendants . . . sprayed [P]laintiff with copious amounts of pepper gas and started beating [P]laintiff over the head with the baton, punching, kicking him in the face [sic]." (*Id.*)   A correctional officer, F. Aviles, then "confiscated the weapon [Plaintiff]

1  used to stab the inmate . . . [and] used it to stab [himself] . . . ." (*Id.*)  "The [D]efendants,

2  prison officials[,] would go on to charge [P]laintiff with (2) bogus attempted murders."

3  (*Id.*)  Plaintiff alleges that the next day, his "legal property was stolen as he was transferred

4  to L.A. County, Lancaster State Prison."  (*See id.* at 3.)  Although Plaintiff filed

5  administrative grievances, they were "not processed or returned."  (*Id.*)

6       Plaintiff alleges an Eighth Amendment failure to protect claim stemming from the

7  May 17 incident.  (*Id.* at 4.)  Plaintiff also contends that Defendants used excessive force,

8  denied him access to the courts, and engaged in fraud when they "wrote [a] bogus report

9  and submitted false report [sic] claiming that [P]laintiff committed two attempted

10 murders."  (*See id.* at 5.)  Although he does not elaborate in the body of his Complaint,

11 the caption suggests that Plaintiff also wishes to assert claims under California

12 Government Code Sections 844.6(a), 845.6, and "810 et seq[.]," and Penal Code Sections

13 2561 and 2562.  (*See id.* at 1.)  Plaintiff does not appear to be seeking damages if he

14 prevails on these claims, and aside from asking the Court to hold that Defendants are not

15 entitled to qualified immunity and that Plaintiff is excused from exhausting

16 administrative remedies, Plaintiff instead requests a "mandatory settlement conference,"

17 "[e]xtraordinary good time conduct credit, all milestone credit," "transfer to medical

18 facility hospital or prison medical setting," and "AB 1050 Pardon, SB 2846."  (*See id.* at

19 5.)

20       C.  Analysis

21       As mentioned, Plaintiff does not seek damages for the alleged violations of the

22 Constitution or state law.  Aside from asking the Court to rule in his favor on two possible

23 future affirmative defenses—qualified immunity and failure to exhaust administrative

24 remedies—Plaintiff's request for relief seeks only a "mandatory settlement conference,"

25 "[e]xtraordinary good time conduct credits, all milestone credit," transfer to a "medical

26 facility hospital or prison medical setting," and a pardon.  (*See id.* at 5.)  Setting aside

27 Plaintiff's request for a "mandatory settlement conference," which is a discretionary aspect

28 of the Court's case management authority and not a remedy, *see United States v. U.S. Dist.*

6

3:20-cv-0213-WQH-WVG

1  *Ct. for N. Mar. I.*, 694 F.3d 1051, 1057-61 (9th Cir. 2012) (outlining the sources of and

2  limitations on the authority of district courts to order settlement conferences), the remedies

3  Plaintiff seeks are unavailable even if he were to prevail on his state or federal claims.

4        First, Plaintiff seeks good-time credits and milestone credit. (*See* Compl. at 5.)

5  Plaintiff does not explain how many such credits or why he seeks them, but as best as the

6  Court can surmise, Plaintiff lost credits he had previously earned after he was charged with

7  two attempted murders following the May 17, 2018, incident in which another inmate and

8  a correctional officer were stabbed. (*See id.* at 3-4 (alluding to "bogus" reports being "used

9  for false imprisonment placing plaintiff in administrative segregation").) As mentioned,

10  Plaintiff does not seek damages under 42 U.S.C. § 1983 for the apparent loss of good-time

11  credits, a claim which would likely be barred by the Supreme Court's decision in *Heck v.*

12  *Humphrey*, 512 U.S. 477 (1994), if it were asserted.[3] *See Heck*, 512 U.S. at 486-87 (holding

13  that § 1983 damages claims are barred if a finding in the plaintiff's favor would

14

15

16  [3] At times Plaintiff seems to allege that he was falsely imprisoned or the victim of fraud as a result of

17  reports Defendants or others filed and subsequent criminal charges of attempted murder stemming from
the May 17, 2018, incident. (*See* Compl. at 3.) It is not clear whether Plaintiff wishes to assert such

18  claims in this case, or whether this information is merely included as background. Nevertheless, the
Court notes that to the extent Plaintiff seeks damages for allegedly false criminal charges against him,

19  those claims would also be subject to the *Heck* rule. *See Heck*, 512 U.S. at 486-87 ("We hold that, in
order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

20  caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff
must prove that the conviction or sentence has been" previously invalidated or overturned). If Plaintiff

21  is attempting to assert a claim based on false reports being used against him in disciplinary proceedings,
"[t]he issuance of a false RVR, alone, does not state a claim under section 1983." *See Murschel v.*

22  *Paramo*, No. 3:17-CV-1142 BTM (AGS), 2018 WL 539159, at *4 (S.D. Cal. Jan. 22, 2018) (citing

23  *Dawson v. Beard*, No. 1:15-CV-1867 DLB, 2016 WL 1137029, at *5-6 (E.D. Cal. Mar. 23, 2016)); *see
also, e.g.*, *Solomon v. Meyer*, No. 11-CV-2827 JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27,

24  2014) ("[T]here is no due process right to be free from false disciplinary charges."). Additionally,
Plaintiff has not alleged facts showing that any disciplinary sanction he received as a result of the

25  allegedly false reports resulted in the type of "atypical and significant hardship in relation to the ordinary

26  incidents of prison life" necessary to state a procedural due process claim. *Sandin v. Connor*, 515 U.S.
472, 484 (1995); *see also Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) ("Typically,

27  administrative segregation in and of itself does not implicate a protected liberty interest." (citing *Sandin*,
515 U.S. at 486 ("[D]isciplinary segregation, with insignificant exceptions, mirror[s] those conditions

28  imposed upon inmates in administrative segregation and protective custody."))).

3:20-cv-0213-WQH-WVG

"necessarily imply" the invalidity of a conviction or sentence, unless the conviction or sentence has already been invalidated); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending the *Heck* rule to damages claims for unconstitutional deprivation of good-time credits if establishing the constitutional violation would imply that the deprivation of credits was invalid). In the absence of a claim for damages for the lost credits, the Court would have to issue an injunction in order for Plaintiff to receive the credits he seeks. But "[i]t has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). As a result, even if Plaintiff were to establish a violation of his federal constitutional rights and a violation of § 1983, he would not be entitled to reinstatement of any credits lost. Additionally, Plaintiff could not receive those credits under any of the state statutes cited in the caption of his Complaint, since revocation of good-time or milestone credits would not violate those statutes. *See* Cal. Gov. Code § 844.6(a) (making clear that public entities are not liable under, among others, California Government Code Section 845.6, for "[a]n injury proximately caused by any prisoner" or "[a]n injury to any prisoner"); Cal. Gov. Code § 845.6 (creating liability for public employees and certain entities "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."); Cal. Gov. Code § 810, *et seq.* (setting forth various definitions in the California Government Claims Act); Cal. Penal Code §§ 2651-2652 (criminal statutes prohibiting, among other things, injuring prisoners); *see also Baker v. Villalobos*, No. 2:18-cv-2301-PA (GJS), 2018 WL 6016177, at *3 (C.D. Cal. Mar. 30, 2018) (concluding that there are no private rights of action under California Penal Code Sections 2651 and 2652).

Second, Plaintiff requests a transfer to a hospital or prison medical facility. Plaintiff, however, has no right to incarceration in any particular prison or part of a prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Williams v. Wood*, 223 F. App'x 670,

671 (9th Cir. 2007) (district court properly dismissed claim seeking transfer to "California Medical Facility Category B Special Housing Unit in Vacaville ('CMF') because [plaintiff] has no right to incarceration in a prison of his choice"  (citing *Olim*, 461 U.S. at 245)).  As currently alleged, Plaintiff cannot state a claim for which the proper remedy would be transferring Plaintiff to a different facility.

Third, the Court does not have the power to order a pardon.  The California Constitution vests the pardon power in the Governor.  *See* Cal. Const. Art. V, § 8(a) ("Subject to application procedures provided by statute, the Governor, on conditions the Governor deems proper, may grant a reprieve, pardon, and commutation, after sentence, except in cases of impeachment."); *see also Santos v. Brown*, 238 Cal. App. 4th 398, 418 (2015) (describing the Governor's pardon power as "plenary").

As a result, Plaintiff's Complaint must be dismissed for failure to state a claim because even if he were to prevail on his causes of action, he would not be entitled to the relief he seeks.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).  Nevertheless, the Court notes that Plaintiff's claims suffer from at least two additional defects.  First, to the extent Plaintiff seeks to allege violations of California Government Code Section 845.6, which creates liability for individual state actors who fail to summon medical care for inmates, Plaintiff has not alleged any facts regarding a failure to summon medical care, let alone identified which, if any, Defendant failed to do so.  *See* Cal. Gov. Code § 845.6.  Second, if Plaintiff seeks to hold Defendants liable for destruction of his legal property during his transfer on May 18, 2018, an inmate's remedies for destruction of personal property are generally administrative or under state law, not claims under § 1983.  *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984); *see also Jenkins v. Brock*, No. C 13-0481 WHA (PR), 2013 WL 5529646, at *1 (N.D. Cal. Oct. 7, 2013) ("Neither the negligent nor intentional deprivation of personal property states a due process claim under Section 1983 if the deprivation was random and unauthorized . . . .  Nor is a prisoner protected by the Fourth Amendment against the seizure or loss of his property." (citations omitted)).

///

**III.     Conclusion and Orders**

IT IS HEREBY ORDERED that the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 9).

2.     **DIRECTS** the Secretary of the CDCR, or her designee, to collect from the full $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5.     **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**6.**      **DIRECTS** the Clerk of the Court to mail Plaintiff a blank copy of the Court's approved instructions and form "Complaint under the Civil Rights Act 42 U.S.C. § 1983" for Plaintiff's use in preparing his Amended Complaint.

**IT IS SO ORDERED.**

 Dated:  December 3, 2020

Hon. William Q. Hayes
United States District Court