UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, CDCR #H-16258,<br><br>  Plaintiff,<br><br>v.<br><br>P. BRACAMONTE, et al.,<br><br>  Defendants. | Case No.: 3:20-cv-0213-WQH-WVG<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(ECF No. 18)** |

Raymond Alford Bradford ("Plaintiff"), currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, is proceeding pro se and in forma pauperis ("IFP") in this civil rights action. (*See generally* ECF No. 20, at 10-11 (granting Plaintiff's Motion to Proceed IFP and dismissing his initial Complaint for failure to state a claim with leave to amend).) Before the Court is Plaintiff's Motion for Preliminary Injunction which, broadly speaking, seeks restoration of good-time and other credits Plaintiff lost as a result of a disciplinary citation he received for allegedly stabbing another inmate and a correctional officer. (*See* ECF No. 18 at 2 (seeking "an order to show cause" why extraordinary credits and good-time credits should not be restored).)

"A preliminary injunction is an extraordinary remedy never awarded as of right."

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject-matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983), *as amended* (June 16, 1983). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties" to the action, their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation . . . ." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20). "The first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citation omitted). Additionally, "[u]nder *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011) (citation omitted).

On December 4, 2020, the Court granted Plaintiff's Motion to Proceed IFP and dismissed his initial Complaint for failure to state a claim with leave to amend. (ECF No. 20, at 10-11). As a result, Defendants have not yet been served, nor will they be served unless the Court orders that Plaintiff's forthcoming First Amended Complaint survives screening pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Because Defendants have not been served, the Court does not have personal jurisdiction over them, and will not attempt to determine their rights. *See*

*Zepeda*, 753 F.2d at 727; *see also* Fed. R. Civ. P. 4(c); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("[O]ne is not bound by a judgment *in personam* resulting from litigation . . . to which he has not been made a party by service of process." (citation omitted)).

Similarly, because the Court found in its December 4, 2020, Order that Plaintiff's Complaint failed to state a claim upon which § 1983 relief may be granted, and dismissed his Complaint, Plaintiff has failed to demonstrate a likelihood of success on the merits for purposes of preliminary injunctive relief. *See Thomas v. Chu*, No. 3:20-cv-00245-GPC-BGS, 2020 WL 5408944, at *10 (S.D. Cal. Sept. 9, 2020) (noting that, having dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), the plaintiff had "necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims" (collecting cases)). Even if Plaintiff's Complaint had not been dismissed, however, "[i]t has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). For this additional reason, Plaintiff has failed to demonstrate a likelihood of success on the merits.

"Because it is a threshold inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, [courts] need not consider the remaining three [*Winter* elements]." *Garcia*, 786 F.3d at 740 (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)). Accordingly, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 22, 2020

Hon. William Q. Hayes
United States District Court