UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, CDCR #H-16258, Plaintiff, vs. P. BRACAMONTE, et al., Defendants. | Case Nos.: 20cv0213-WQH (WVG) 20cv2482-WQH (AHG) |
| RAYMOND ALFORD BRADFORD, CDCR #H-16258, Plaintiff, vs. T. LEMON, et al., Defendants. | **ORDER DISMISSING CONSOLIDATED SECOND AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Raymond Alford Bradford ("Plaintiff"), a state prisoner currently incarcerated at the California Health Care Facility in Stockton, California, proceeding *pro se*, has filed two related actions pursuant to 42 U.S.C. § 1983. (*See Bradford v. Bracamonte*, 20cv0213-WQH (WVG) (S.D. Cal.); *Bradford v. Lemon*, 20cv2482-WQH (AHG) (S.D. Cal.).)

The Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") in the first of these two cases, *Bracamonte*. (*See Bracamonte*, 20cv0213-WQH (WVG) (S.D. Cal.), Order filed 12/4/20 [ECF No. 20] at 2-3.) Plaintiff alleged in his *Bracamonte* Complaint that in retaliation for filing a civil suit in *Bradford v. Khamooshian*, No. 17cv2053-BAS (AHG) (S.D. Cal.), claiming he received inadequate medical care while housed at the R.J. Donovan Correction Facility ("RJD") in San Diego, California, he was attacked by other prisoners at the behest of the Defendants. (*Id*., Comp. filed 1/31/20 [ECF No. 1] at 1-3.) Plaintiff alleged that Defendant Correctional Officer Aviles stabbed himself during that attack and that Defendants "lied to the court" that Plaintiff had stabbed Aviles in order to frame Plaintiff for attempted murder, which triggered a vast conspiracy among prison personnel and others to assault him and steal his legal and personal property while housed at several California prisons. (*Id*. at 1-5.) He identified five Defendants and claimed they denied him access to the courts, used excessive force, failed to protect him, engaged in fraud, and violated state law. (*Id*.) On December 4, 2020, the Court screened the Complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b), found it failed to state a claim for relief, notified Plaintiff of the defects of pleading, and dismissed the action with leave to amend. (ECF No. 20.)

On December 18, 2020, after being transferred to Salinas Valley State Prison ("Salinas"), Plaintiff filed a First Amended Complaint ("*Bracamonte* FAC") which identified twenty-three Defendants and twelve legal theories. (ECF No. 21.) Among other claims, as relevant here, Plaintiff alleged that on May 17, 2018, Defendant RJD Facility C Captain Bracamonte denied him access to the courts by interfering with his litigation of *Bradford v. Khamooshian*, No. 17cv2053-BAS (AHG) (S.D. Cal.) and a second civil action, *Bradford v. Jordan*, No. 18cv6730-SVK (KK) (C.D. Cal.), and did nothing to stop other inmates from assaulting him after they were told by prison guards to attack him in retaliation for filing those civil actions. (*Id*. at 3-7.)

On December 17, 2020, the day before he filed the *Bracamonte* FAC, Plaintiff filed a second action, *Lemon*, challenging a decision by two Defendants, T. Lemon, the Warden

of Salinas, and Salinas Classification Staff Representative Gonzalez, to transfer him from administrative segregation to a different area of the prison. (*See Lemon*, 20cv2482-WQH (AHG) (S.D. Cal.), Comp. filed 12/17/20 [ECF No. 1] at 1-3.) In *Lemon*, Plaintiff also filed a motion for emergency injunctive relief seeking to reverse the housing decision and asking the Court to consolidate *Lemon* and *Bracamonte*. (*See id.*, ECF No. 2 at 4.)

On July 9, 2021, the Court consolidated the two cases and ordered that all future filings shall be made in *Bracamonte* only. The Court screened the *Lemon* Complaint and the *Bracamonte* FAC pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and denied Plaintiff's motion for emergency injunctive relief filed in *Lemon* and his two motions for reconsideration filed in *Bracamonte*. (*See Bracamonte*, ECF No. 28.) The Court found Plaintiff had failed to state a claim in either of his pleadings and once again notified him of the pleading defects of his claims. (*Id*. at 8-27.) The Court dismissed the operative complaints in *Lemon* and *Bracamonte* with leave to file a consolidated second amended complaint in this consolidated action. (*Id*. at 27, 30.) Plaintiff has now filed a consolidated Second Amended Complaint ("SAC"). (ECF No. 29.)

## I. Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule

of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "to contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*, citing *Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.") "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief." *Id*., quoting Fed. R. Civ. P. 8(a)(2). The court has an obligation "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), but it may not in so doing "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Factual Allegations in the SAC**

Plaintiff alleges that beginning on May 17, 2018, Defendant Facility C Captain Bracamonte, a Correctional Officer at RJD, "lied to the court in order to prevent the

(plaintiff) from seeking redress, relief he is entitled to and all meaningful access to the court, causing an actual injury through to date." (ECF No. 29 at 3.) Plaintiff alleges his civil suit in *Bradford v. Khamoosian*, No. 17cv2053-BAS (MDD) (S.D. Cal.) was dismissed because Defendant Bracamonte presented a declaration falsely stating Plaintiff stabbed Correctional Officer Aviles. (*Id*. at 2-3.) Plaintiff claims that despite his being exonerated of the charge of the attempted murder of Correctional Officer Aviles, who he contends stabbed himself while other prisoners attacked Plaintiff at the behest of prison guards, he was denied due process and access to the courts when the *Khamoosian* case was dismissed as a result of Defendant Bracamonte's false declaration. (*Id*. at 3.) In addition, he alleges that ever since Defendant Bracamonte falsely accused him of attempting to murder Correctional Officer Aviles,

> plaintiff has been the victim of an active and ongoing conspiracy to commit murder and obstruction of justice. The prison guards have repeatedly attacked him in retaliation for having filed a nonfrivolous suit or have recruited other prisoners to ambush him. (Plaintiff) sustained (several) life long injuries including brain trauma injury, collapsed lung - Atelectasis, broken wrist, fractured mid finger, spinal cord injury, head injury and no treatment provided. At each prison plaintiff's personal - legal - property was either stolen, lost, destroyed or damaged causing an actual injury, denial of all meaningful access to courts.

(*Id*. at 2.)

Plaintiff alleges that his preexisting medical conditions have deteriorated due to a lack of treatment, that he is "high-risk medical - ADA - mobility impaired - committed to a wheelchair," and his legal mail and inmate grievances have been continuously tampered with or stolen. (*Id*.)

Plaintiff alleges that beginning on May 6, 2020, Defendant Lemon, the Warden of Salinas, has allowed the custodial staff in the Administrative Segregation Unit ("AdSeg"):

> to attack him repeatedly (3/12/21), steal his legal mail, legal - personal property, fail to protect him knowing he has safety concerns, denied him medical transfers, extraordinary conduct credits, good time credits, and (IRS) fines through to date. (Specifically) during (3) classification committee

> hearings plaintiff informed the defendant T. Lemon about his legal mail, (tampering) 602 appeals, safety concerns, credit, NDS - status, property damage, lost, stolen, destroyed legal material, bogus transfers to high desert, Kern Valley, denied all meaningful access to court, retaliation - being attacked by guards (3/12/21) and his failure to protect. The Warden defendant T. Lemon informed (plaintiff) that he could not prove any of his allegations, and since he has over 2,100 classification score points (plaintiff) would never be transferred to a medical facility or hospital setting under no circumstances.

(*Id*. at 3-4.)

Plaintiff alleges he informed "CSR - Representative defendant Gonzalez in writing via (602) emergency appeals about the issues he raised at the committee hearings," but the "appeals loss [sic] its time constraints, or expired or was ultimately denied." (*Id*. at 4.)

Based on the conduct described above, Plaintiff purports to bring causes of action for: (1) "Rule 9(b) Fraud," (2) "access to court," (3) "Heck Rule," (4) "Rico Act, 18 U.S.C. § 1961(c)," (5) "Gov't Code § 810 et seq." (6) retaliation, (7) "Supervisory Liability," (8) failure to protect; (9) "Atypical and significant hardship on prison life," (10) deliberate indifference, (11) excessive force, and (12) cruel and unusual punishment. (*Id*. at 4-5.) He seeks costs, compensatory and punitive damages, restoration of his custody credits, return of his stolen legal and personal property, expungement of prison disciplinary convictions, "full medical coverage for the next forty years," and "permission to leave U.S. permanently and live overseas" via a first-class flight accompanied by two paid witnesses of his choice to assure his safe arrival. (*Id*. at 6-8.)

**C. Discussion**

Plaintiff names three Defendants in the SAC, RJD Facility C Captain Bracamonte, Salinas Warden Lemon, and Salinas Classification Staff Representative Gonzalez. (ECF No. 27 at 3-4.) He previously named those three Defendants in his *Bracamonte* FAC and *Lemon* Complaint, along with twenty-one additional Defendants in the *Bracamonte* FAC. (*See* ECF No. 21 at 2.) Plaintiff was instructed in the Court's prior Order of dismissal of the *Bracamonte* FAC that any Defendants not renamed and claims not realleged in the SAC would be waived. (ECF No. 28 at 30.) Accordingly, the only claims against the only

Defendants remaining in this action allege that: (1) Defendant Correctional Officer RJD Facility C Captain Bracamonte presented a declaration in a prior civil action falsely stating Plaintiff stabbed Correctional Officer Aviles which resulted in the dismissal of that action and triggered an ongoing conspiracy to assault him, deny him the effective use of the inmate grievance procedures and access to the courts, and steal his legal and personal property; (2) Defendant Salinas Warden Lemon failed to protect Plaintiff by allowing custodial staff in the Salinas AdSeg to attack him, steal his mail, and deny him access to the courts, medical transfers and custody credits; and (3) Defendant Salinas Classification Staff Representative Gonzalez was informed through inmate appeals, which were denied, about issues Plaintiff raised at classification committee hearings but presumably did not resolve those issues. (ECF No. 29 at 2-4.)

**1. Defendant Gonzalez**

Plaintiff has not stated a claim against Defendant Gonzalez because he merely alleges Gonzalez was informed in writing through inmate appeals which were eventually denied about issues Plaintiff had raised during classification committee hearings. Plaintiff was informed in the Court's prior Order of dismissal that vague descriptions of alleged wrongs are insufficient to satisfy the requirement of Fed. R. Civ. P. 8(a), which requires Plaintiff show he is entitled to relief and to provide defendants fair notice of the allegations against them. (ECF No. 28 at 8-10.) He was specifically informed that he has no federal constitutional right to an effective inmate grievance or appeals process, and the fact that a Defendant became aware of alleged constitutional violations by other prison officials through administrative grievances or appeals is not sufficient by itself to state a claim because it does not show Defendant's personal involvement in the alleged violations. (*Id*. at 24, citing *Ramirez v. Galaza*, 334 F.3d 840, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure.").) The lack of factual allegations against Defendant Gonzalez regarding what actions he took or was required to take once he became aware of the "issues [Plaintiff] raised at the committee hearings," or in other words what personal involvement he had in causing those violations or failing to

prevent them in his capacity as a Salinas Classification Staff Representative, fails to state a claim for the reasons set forth in the Court's prior Order of dismissal. (*Id*. at 22, citing *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018) (noting that in order to state a § 1983 claim a plaintiff must allege a defendant's personal involvement in the alleged constitutional deprivation or, if defendant is a supervisor, a sufficient causal connection between defendant's wrongful conduct and the constitutional violation).)

The Court dismisses all claims against Defendant Gonzalez pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) because the SAC does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

**2. Defendant Bracamonte**

Plaintiff alleges in the SAC that Defendant Bracamonte "filed fraudulent legal papers" in *Bradford v. Khamoosian*, No. 17cv2053-BAS (MDD) (S.D. Cal.) in the form of a "false declaration" falsely stating that after a thorough investigation Plaintiff had been charged with attempted murder of Correctional Officer Aviles for stabbing him, which "turned the court against" Plaintiff and resulted in that case being dismissed. (ECF No. 29 at 1-3.) Plaintiff also alleges that ever since that event there has been a conspiracy to murder him and obstruct his access to the courts in which unnamed prison guards at unspecified times attacked him, recruited other prisoners to ambush him, and damaged, destroyed or stole his legal and personal property. (*Id*. at 2.)

The Court informed Plaintiff in its prior Order of dismissal that he had failed to state a claim against Defendant Bracamonte for denial of access to the courts based on allegations in the FAC that two civil actions, *Bradford v. Khamoosian*, No. 17cv2053-BAS (MDD) (S.D. Cal.) and *Bradford v. Jordan*, 18cv6730-SVK (KK) (C.D. Cal.), were dismissed as a result of numerous Defendants having "lied to the court." (*See* ECF No. 28 at 12.) The Court explained to Plaintiff that the FAC failed to identify the nature of the "lies" the Defendants told or what other actions they took which caused the cases to be

dismissed, failed to describe the underlying claims in those actions, and failed to allege in non-conclusory terms an "actual injury," which are elements of an access to courts claim. (*Id*. at 13.) Plaintiff was instructed that to state an access to courts claim he was required to "allege '(1) an underlying cause of action which should be adequately described in the complaint, and (2) the actions by officials that caused the denial of access to the courts.'" (*Id*. at 12, quoting *Brooks v. Alameida*, 446 F.Supp.2d 1179, 1185 (S.D. Cal. 2006), citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).) He was instructed that he "must also allege an 'actual injury,' which exists only if 'a nonfrivolous legal claim had been frustrated or was being impeded.'" (*Id*., quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996).)

Plaintiff now alleges in the SAC that he suffered an actual injury when Defendant Bracamonte's allegedly false declaration caused his civil suit in *Bradford v. Khamoosian*, No. 17cv2053-BAS (MDD) (S.D. Cal.) to be dismissed. (ECF No. 27 at 1-3.) The Court takes judicial notice of that action. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding that a court may take judicial notice of other proceedings in "the federal judicial system, if those proceedings have a direct relation to matters at issue.")

The original Complaint in the *Khamoosian* suit presented claims for denial of, and delayed access to, medical care in August of 2017 while Plaintiff was housed at RJD. (*See Bradford v. Khamoosian*, No. 17cv2053-BAS (MDD) (S.D. Cal.), Comp. filed 9/24/2017 [ECF No. 1] at 1-3.) The Defendants' motion to dismiss the Complaint for failure to state a claim was granted and Plaintiff was allowed leave to amend. (*Id*., Order filed 1/28/2019 [ECF No. 89].) Plaintiff, who was then housed at the California State Prison, Sacramento, filed a First Amended Complaint re-alleging delay and denial of medical care but adding additional Defendants and additional claims alleging, as he does in this action, that in retaliation for filing that civil action he was assaulted by prison guards, framed for "attempted murder on a peace officer and inmate," and was the subject of a conspiracy to deny him access to the courts. (*See id*., FAC filed 2/22/2019 [ECF No. 97] at 3-9, 36.) He alleged there, as he does here, that Correctional Officer Aviles stabbed himself to frame Plaintiff in retaliation for refusing to drop the civil suit and he was assaulted by other prison

guards as a result. (*Id*. at 8-9, 42.) The Court granted Defendants' motion to dismiss the medical claims in the *Khamoosian* First Amended Complaint due to Plaintiff's failure to allege any Defendant was deliberately indifferent to his medical needs. (*Id*., Order filed July 15, 2019 [ECF No. 144] at 8-11.) In that Order the Court also: (a) dismissed the conspiracy and retaliation claims, not on the basis of a declaration by Defendant Bracamonte stating Plaintiff had attempted to murder Correctional Officer Aviles, but for failure to allege sufficient facts which plausibly stated a claim for relief, (b) denied the access to courts claim for failing to allege an actual injury, (c) denied the remaining claims for failing to state a claim which, like here, alleged in a conclusory fashion violations of "Heck Rule," RICO and various other theories of liability, and (d) noted that Plaintiff had brought similar claims in several other civil actions. (*Id*. at 12-24.) Plaintiff's claims regarding access to the courts and conspiracy to frame him for murder were dismissed with prejudice, but without any mention of a declaration by Defendant Bracamonte, and Plaintiff was granted leave to amend with respect to the remaining claims, although the Court noted it had "serious doubts as to Plaintiff's ability to state a claim." (*See id*. at 24; *see also id*., Order filed July 17, 2019 [ECF No. 148] at 1.) Plaintiff filed two Second Amended Complaints (*id*., SAC filed 8/9/2019 [ECF No. 153]; SAC filed 8/12/2019 [ECF No. 155]), which the Court dismissed as incomplete (*id*., Order filed 8/30/2019 [ECF No. 159]), and thereafter filed a Third Amended Complaint. (*Id*., TAC filed 9/13/2019 [ECF No. 160].)

The Court *sua sponte* screened the *Khamoosian* Third Amended Complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (*Id*., Order filed 9/17/2019 [ECF No. 162].) The Court dismissed all remaining claims against all remaining Defendants except Plaintiff's claims against Defendant Voong. (*See id*. at 6.) In response to Defendant Voong's motion to dismiss, Plaintiff filed a motion to voluntarily dismiss his claims against Defendant Voong which the Court granted, terminating the case. (*Id*., Order filed 2/3/2020 [ECF No. 173].) Plaintiff's appeal in *Khamoosian* remains pending in the Ninth Circuit Court of Appeals.

Accordingly, Plaintiff has been informed that in order to state a claim for denial of

access to the courts he must allege an actual injury, such as the loss or impediment of a nonfrivolous claim, and in response he has alleged that Defendant Bracamonte violated his right of access to the courts by filing a declaration in *Bradford v. Khamoosian*, No. 17cv2053-BAS (MDD) (S.D. Cal.) falsely accusing Plaintiff of attempting to murder Correctional Officer Aviles which caused the dismissal of that civil action thereby creating an actual injury. That allegation is frivolous. As detailed above, that suit was not dismissed as a result of such a declaration, and Plaintiff has not identified any such declaration introduced as part of that case, which the Court would in any case have likely not been able to consider in ruling on the motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in the ruling on a Rule 12(b)(6) motion.") (internal quotation marks omitted). Accordingly, the Court *sua sponte* dismisses Plaintiff's access to courts claim against Defendant Bracamonte pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim upon which relief may be granted. *See Lewis*, 518 U.S. at 353 (holding that an actual injury is required to support an access to courts claim and exists only where "a nonfrivolous legal claim [was] frustrated or was being impeded.")

Plaintiff also claims Defendant Bracamonte's false allegation that Plaintiff attempted to murder Correctional Officer Aviles triggered a massive conspiracy in which for years thereafter Plaintiff was assaulted by guards at several prisons, had his mail and property stolen, and was frustrated in pursuing inmate grievances, all of which exacerbated his pre-existing medical conditions. (ECF No. 2.) The allegations supporting this claim, as quoted above, are devoid of details and consist of conclusory allegations supported by vague references to different types of causes of action, including: (1) "Rule 9(b) Fraud," (2) "access to court," (3) "Heck Rule," (4) "Rico Act, 18 U.S.C. § 1961(c)," (5) "Gov't Code § 810 et seq." (6) retaliation, (7) "Supervisory Liability," (8) failure to protect; (9) "Atypical and significant hardship on prison life," (10) deliberate indifference, (11) excessive force, and (12) cruel and unusual punishment. (ECF No. 29 at 2-5.)

Plaintiff was previously informed in this Court's prior Order of dismissal of the

FAC in this action that the Supreme Court has clearly stated that: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim. (ECF No. 28 at 4, quoting *Iqbal*, 556 U.S. at 678).) The Court in that Order painstakingly informed Plaintiff of the pleading requirements for each of those causes of action, to the best the Court could understand his references to them, explained why his allegations did not state a claim under any of those theories, and gave him leave to amend to cure those pleading defects. (*Id*. at 8-27.) Plaintiff has failed to cure the pleading defects of those myriad causes of action, and his SAC once again consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and once again fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Accordingly, the Court dismisses all claims in the SAC against Defendant Bracamonte pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim upon which relief may be granted.

**3. Defendant Warden Lemon**

Finally, Plaintiff alleges Defendant Salinas Warden Lemon has allowed the custodial staff in the Salinas AdSeg:

> to attack him repeatedly (3/12/21), steal his legal mail, legal - personal property, fail to protect him knowing he has safety concerns, denied him medical transfers, extraordinary conduct credits, good time credits, and (IRS) fines through to date. (Specifically) during (3) classification committee hearings plaintiff informed the defendant T. Lemon about his legal mail, (tampering) 602 appeals, safety concerns, credit, NDS - status, property damage, lost, stolen, destroyed legal material, bogus transfers to high desert, Kern Valley, denied all meaningful access to court, retaliation - being attacked by guards (3/12/21) and his failure to protect. The Warden defendant T. Lemon informed (plaintiff) that he could not prove any of his allegations, and since he has over 2,100 classification score points (plaintiff) would never be transferred to a medical facility or hospital setting under no circumstances.

(*Id*. at 3-4.)

The Court first notes that on March 24, 2021, during the pendency of this action,

Plaintiff filed a change of address indicating that he was transferred to the California Health Care Facility in Stockton, California, where he is currently housed. (ECF No. 27.) The remaining allegations against Defendant Warden Lemon, that Plaintiff informed Defendant about his treatment in AdSeg and Defendant responded that Plaintiff was unable to prove his allegations, fails to state a claim for the reasons provided in the Court's prior Order of dismissal. Plaintiff was instructed that in order to state a claim for failure to protect or deliberate indifference to his safety, he must allege Defendant Warden Lemon was both aware of facts from which an inference could be drawn that Plaintiff faced a substantial risk of serious harm and actually drew that inference. (ECF No. 28 at 25, citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).) Even assuming the allegations in the SAC satisfy the first prong, that Defendant Warden Lemon was aware Plaintiff faced a substantial risk of serious harm while housed in AdSeg because Plaintiff told him so, Plaintiff admits in the SAC that Warden Lemon did not draw such an inference because he informed Plaintiff "that he could not prove any of his allegations." (ECF No. 29 at 4.)

Plaintiff has been instructed that while detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*, citing *Twombly*, 550 U.S. at 555. Here, "where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief.'" *Id*., quoting Fed. R. Civ. P. 8(a)(2). There are no *factual* allegations in the SAC which plausibly show Defendant Warden Lemon was deliberately indifferent to a substantial risk of serious harm to Plaintiff in violation of the Eighth Amendment. Rather, as with Defendant Bracamonte, Plaintiff's allegations of harm while housed in AdSeg consist of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and the SAC once again fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" with respect to Defendant Warden Lemon. *Iqbal*, 556 U.S. at 678.

In the Court's prior Order of dismissal Plaintiff was also informed that he had failed

to state a Fourteenth Amendment claim against Defendant Warden Lemon regarding the decision to transfer Plaintiff to and from the Salinas AdSeg. (ECF No. 28 at 26-27, citing *Maraglino v. California*, No. 20cv00826-SAB (PC), 2020 WL 3542202, at *3 (E.D. Cal. June 30, 2020) ("Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison."), citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976).) It is unclear whether Plaintiff intended to re-present his Fourteenth Amendment claim regarding his housing assignment within Salinas, but it is clear he has once again failed to state such a claim in the SAC.

Finally, as with his allegations against Defendant Bracamonte, the allegations in the SAC against Defendant Warden Lemon also consist of conclusory allegations supported by vague references to different types of causes of action, including: (1) "Rule 9(b) Fraud," (2) "access to court," (3) "Heck Rule," (4) "Rico Act, 18 U.S.C. § 1961(c)," (5) "Gov't Code § 810 et seq." (6) retaliation, (7) "Supervisory Liability," (8) failure to protect; (9) "Atypical and significant hardship on prison life," (10) deliberate indifference, (11) excessive force, and (12) cruel and unusual punishment. (ECF No. 29 at 3-5.) In its prior Order of dismissal the Court informed Plaintiff of the pleading requirements for each of those causes of action in detail and explained why his allegations did not state claims under any of those theories, and gave him leave to amend to cure those pleading defects. (ECF No. 28 at 8-27.) Plaintiff has made no effort whatsoever to cure those pleading defects with respect to Defendant Lemon, and his SAC once again consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" against this Defendant, and once again fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

The Court dismisses all claims in the SAC against Defendant Warden Lemon pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

**4. Leave to Amend**

In the Court's prior Order of dismissal, the Court stated that: "Now that Plaintiff has been provided with 'notice of the deficiencies in his complaint,' the Court will grant

Plaintiff leave to amend to cure those deficiencies, if he can." (ECF No. 28 at 27, quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."), quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).) Plaintiff has not cured the defects of pleading identified in that Order and it is now clear he is unable or unwilling to do so. In fact, Plaintiff has filed numerous suits with similar claims regarding the alleged conspiracy against him triggered by his litigation activities and Defendant Bracamonte's alleged assertion that he attempted to murder Correctional Officer Aviles, including the civil action referenced in the SAC, *Bradford v. Khamoosian*, No. 17cv2053-BAS (MDD) (S.D. Cal.), FAC filed 2/22/2019 [ECF No. 97] at 8-9, 42, where the Court dismissed Plaintiff's conspiracy claim with prejudice. (*Id*., Order filed 7/15/2019 [ECF No. 144] at 24.) In its prior Order of dismissal of the FAC in this action, the Court took judicial notice of four other cases where Plaintiff had made such allegations. (*Id*., Order filed 7/15/2019 [ECF No. 144] at 15 n.6.) Those cases included *Bradford v. Peralta*, No. 19cv1222-CAB (BGS) (S.D. Cal.), ECF No. 1 at 3, where Plaintiff alleged that prison officials have subjected him "to an active ongoing conspiracy to commit murder and obstruct justice."; *Bradford v. McKinney*, No. 19cv4034-SVW (KK) (C.D. Cal.), ECF No. 1 at 3, where Plaintiff alleged an "active and ongoing conspiracy to commit murder against [Plaintiff] and to obstruct justice."; *Bradford v. Bien*, No. 19cv1922-DJH (N.D. Cal.), ECF No. 1 at 4-5, where Plaintiff sued the law firm representing a class of CDCR inmates for refusing to investigate his conspiracy claims and alleging that they are "willing participants in an active and ongoing conspiracy to obstruct justice by the use of the 'code of silence' and condoning police misconduct."; and *Bradford v. Hernandez*, No. 18cv7268-SVW (KK) (C.D. Cal.), ECF No. 1 at 7, where Plaintiff alleged that medical officials at California State Prison - Los Angeles County are lying about his medical condition and test results, as well as "acting as a willing participant in a conspiracy to commit murder on Plaintiff." (*Id*., Order filed 7/15/2019 [ECF No. 144] at 15 n.6.) The Court also noted in that Order

that Plaintiff "has filed a total of fifty-two civil rights actions and thirty-one appeals." (*Id.*) Other courts have also observed that Plaintiff has repeatedly brought the same allegations of a conspiracy against him. *See e.g. Bradford v. Lemon*, No. 21cv01165-PJH, 2021 WL 1749873 (N.D. Cal. May 4, 2021) ("[T]he court notes that in the last four years plaintiff has filed and litigated nine cases in this court, eleven cases in the Eastern District of California, eight cases in the Central District of California, and seven cases in the Southern District of California. . . . plaintiff has repeatedly presented the same allegations of assaults by guards and a conspiracy to murder him for the last several years.")

In the Court's prior Order of dismissal of this action the Court provided Plaintiff with a lengthy and detailed analysis of why his allegations failed to state a claim for relief, granted him leave to amend, and instructed him in clear and plain language that: "He should avoid making references to incidents or events without alleging facts about those events. And when presenting his causes of action, Plaintiff should avoid mere "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or simply invoking the name of some legal claim without identifying what, if any, of the facts alleged would support such a claim." (ECF No. 28 at 10, quoting *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555).) Plaintiff has failed to follow those directions and the SAC again presents conclusory allegations supporting myriad unexplained causes of action.

Because Plaintiff has been informed of the pleading requirements for the claims set forth in the SAC and has been provided opportunities to cure those defects but has failed to do so, either because he is unwilling or unable, and because it is now clear he is unable or unwilling to do so, the dismissal of this action is with prejudice and without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar*, 698 F.3d at 1212 ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.")

## II. Conclusion and Order

The Court **DISMISSES** Plaintiff's Second Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). The dismissal is with prejudice and without further leave to amend. The Clerk of Court is directed to enter final judgment and close the case.

**IT IS SO ORDERED.**

Dated: September 2, 2021

William Q. Hayes
Hon. William Q. Hayes
United States District Court